UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BONNIE ZEMANSKI, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:23-CV-02848-X |
| STEVEN J. BOTTUM, | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Bonnie Zemanski's motion to remand and for attorney's fees. (Doc. 7). Having reviewed the motion, response, reply, and applicable law, the Court **GRANTS** the motion. (Doc. 7). Accordingly, the Court **REMANDS** this case back to the County Court at Law No. 2, Dallas County, Texas. Moreover, the Court **ORDERS** Defendant Steven J. Bottom to pay Bonnie Zemanski $1,125.00 in fees associated with the filing of her motion.

### I. Background and Analysis

On October 26, 2023, Bonnie Zemanski sued Steven J. Bottum in Dallas County Court for infliction of bodily injury, offensive physical contact, promissory estoppel, and threat of bodily injury. After being served, Bottum removed Zemanski's state-court suit to this Court alleging that the Court has original jurisdiction, specifically diversity jurisdiction. After removal, Zemanski filed a motion to remand arguing (1) that diversity of citizenship does not exist and (2) even if diversity of

1

citizenship exists, the forum-defendant rule applies making removal improper. The Court agrees with Zemanski.

The Court will address Zemanski's second argument: application of the forum-defendant rule. 28 U.S.C. Section 1441(b) sets a two-part jurisdictional framework. In the first sentence, Congress allows a civil action to be removed if such an action implicates a federal court's original jurisdiction.[1] The second sentence operates to narrow Congress's broad grant.[2] The second sentence states that, if removal is based upon diversity jurisdiction, such removal is proper only if "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."[3]

Here, Bottum removed this case to this Court on December 23, 2023.[4] Bottum implicated diversity jurisdiction as a hook for this Court's original jurisdiction[5]—thus he is subject to Section 1441(b)'s forum-defendant rule if it applies. For the exception to apply in this case (thereby removing jurisdiction), Bottum must have been (1) properly joined, (2) served, and a (3) citizen of the state-court state. All three conditions have been met. First, Bottum was properly joined as a party before removal.[6] Second, Zemanski alleges that Bottum was served before removal, and

---

[1] 28 U.S.C. § 1441(b).

[2] *Id.*

[3] *Id.*

[4] Doc. 1.

[5] *Id.* at 1–3 (listing a plethora of "Diversity Facts").

[6] *See id.* at 6 (Zemanski's original state-court petition).

Bottum does not contest this point.[7] And third, Bottum is a citizen of the state-court state. Bottum admits he is a citizen of Texas, and this case was removed from a state court in Texas.[8] Thus, the forum-defendant rule applies removing this Court of jurisdiction.

In addition to seeking remand, Zemanski seeks $1,125.00 in fees associated with filing Zemanski's motion because "defendant's removal of this case was not objectively reasonable."[9] Under federal law, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[10] The decision to award attorney's fees is at the discretion of the Court.[11] In making this determination, "the standard for awarding fees should turn on the reasonableness of the removal."[12] A court should impose fees "only where the removing party lacked an objectively reasonable basis for seeking removal."[13]

Here, Bottum lacked an objectively reasonable basis for seeking removal because his own filing admits that removal is improper. In his own removal papers, Bottum cites the exact statutory code that includes the forum-defendant rule: 28

---

[7] Doc. 8 at 1.

[8] Doc. 1 at 2 ("Defendant is a citizen of Texas."); *id.* at 1 (case originally filed in Texas state court).

[9] Doc. 8 at 3.

[10] 28 U.S.C. § 1447(c).

[11] *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).

[12] *Id.*

[13] *Id.*

U.S.C. § 1441.[14]  Bottum then admits that he was served before removal,[15] admits that the removing court is a Texas court,[16] and admits that he is a citizen of Texas.[17] Bottum could have no objectively reasonable basis for seeking removal when his own removal brief admits that remand is necessary under the forum-defendant rule.  The Court will therefore award Zemanski fees associated with having to litigate this case in the wrong courtroom.

Therefore, the Court **GRANTS** Zemanski's motion to remand.  Accordingly, the Court **REMANDS** this case back to the County Court at Law No. 2, Dallas County, Texas.  Moreover, the Court **ORDERS** Steven J. Bottom to pay Bonnie Zemanski $1,125.00 in fees associated with the filing of her motion.

**IT IS SO ORDERED** this 9th day of July, 2024.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[14] Doc. 1 at 2.

[15] *Id.*

[16] *Id.* at 3.

[17] *Id.*